5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mildred HYDE, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary, U.S. Department of Health and
Human Services, Defendant-Appellee.
 No. 93-6142.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Mildred Hyde brought this action under 42 U.S.C. Sec. 405(g) after the Secretary of Health and Human Services (Secretary) denied her application for disability benefits. After her claim was denied initially and upon reconsideration, she obtained a de novo hearing before an Administrative Law Judge (ALJ). The ALJ denied her application and the Appeals Council declined to review the case, rendering the ALJ's determination the final decision of the Secretary. The district court affirmed. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 3
 The only issue on appeal is whether plaintiff was entitled to quarters of coverage in 1988 for purposes of meeting insured status requirements under 42 U.S.C. Secs. 416(i) and 423. We will reverse the Secretary's decision only if it is not supported by substantial evidence. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 4
 Plaintiff and her husband married in 1985. Before the marriage she had worked with him in an established general contracting business. During that period plaintiff performed considerable work at the business and was compensated. After the marriage, however, their joint tax returns filed for 1985-1988 reflected plaintiff's husband as a sole proprietor of the business; he also filed a self-employment tax form and paid social security tax only for himself. Applt.App. 45-48. Their 1988 income tax form as originally filed listed plaintiff as a housewife.
 
 
 5
 In October 1989, plaintiff and her husband filed an amended 1988 tax return indicating that the income on the Schedule "C" filed with their original return had been jointly earned and should have been divided between them. That amended return included a self-employment tax form for plaintiff as well as her husband. Applt.App. 43-44, 47-48. In November 1989, plaintiff and her husband both executed Social Security Administration partnership questionnaires. She indicated on her questionnaire that she was a "helper and partner." Both forms stated the partnership started on January 1, 1988, contrary to plaintiff's testimony before the ALJ, Applt.App. 49-52, which had been that although they had no written partnership agreement the partnership began at the time of the marriage. Id. at 21. Plaintiff then applied for disability benefits on November 14, 1989, alleging May 29, 1989, as the onset of her disability.
 
 
 6
 We have carefully examined the record, including the decision of the ALJ, the decision of the Administrative Appeals Judge declining review and the recommendation by the magistrate judge to the district court. We cannot add significantly to the analysis of the magistrate judge's opinion that was adopted by the district court. We agree that substantial evidence supports the Secretary's decision that plaintiff is not eligible for disability insurance benefits because she lacked the necessary quarters of coverage to obtain insured status. Consequently, she is not entitled to a determination of disability.
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3