UNITED STATES COURT OF APPEALS
**Filed 6/26/96**
FOR THE TENTH CIRCUIT

BEVERLY FRONKO,

    Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner,
Social Security Administration,[*]

    Defendant-Appellee.

No.  95-5199
(D.C. No. 93-C-1047-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.[***]

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.  Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.

(continued...)

Claimant Beverly Fronko requested Social Security Disability benefits from the Secretary of Health and Human Services (the Secretary). She alleged that she was unable to work because of degenerative arthritis. The case was referred to an administrative law judge (ALJ), who found claimant was not "disabled." Claimant filed suit in federal court, and the district court affirmed the Secretary's decision. On appeal, claimant contends that the Secretary's decision was not based on substantial evidence.

We review the agency's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). We may neither reweigh the evidence nor substitute our judgment for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

In examining a claimant's allegation of disability, the Secretary evaluates the individual's condition using a five-step process. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). In this case the ALJ determined the claimant failed to establish that she is "disabled" and that she could do past relevant work as that work is performed in the national economy.

---

[***](...continued)
App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

The ALJ found the medical evidence showed that claimant had the residual functional capacity to perform work-related activities as that work is performed in the national economy. Claimant presented a medical history of generalized complaints of joint pain. She provided records from two treating physicians and consultative evaluations from two other doctors. The ALJ found that the medical evidence did not support claimant's allegations of totally disabling pain. In short, the ALJ did not find claimant credible to the extent that her allegations of pain would preclude past relevant work.

The ALJ acknowledged that claimant could not do work involving the ability to lift more than twenty pounds at a time, lift/carry more than ten pounds frequently, stand/walk more than six hours in an eight-hour day, and to do more than occasional stooping. There is substantial evidence, however, that claimant can do a job requiring sitting, reaching, and handling. While the ALJ found that claimant's past relevant work as a cashier (which required lifting fifty pounds) was precluded by the above limitations, other work as a cashier as performed in the national economy was not precluded by them.

After reviewing the record, we conclude that the ALJ's decision was supported by substantial evidence, and he applied the correct legal standards. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

4