**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT W. KAPITAN,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 98-5124
(D.C. No. 96-CV-1095-M)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

Robert W. Kapitan (claimant) appeals from the district court's order

affirming the decision of the Commissioner of Social Security. [1] In that decision,

the Commissioner denied claimant's applications for disability insurance benefits

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

made under Title II of the Social Security Act. *See* 42 U.S.C. § 423. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and reverse.

Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the whole record and comports with relevant legal standards. *See Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). Claims for disability benefits are evaluated according to the five-step sequential process set out in 20 C.F.R. § 404.1520. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). At step three of the sequential evaluation, the administrative law judge (ALJ) determines whether the claimant's impairment "is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits." *Id.* at 751 (quotation omitted).

In this case, the ALJ determined at step five that claimant has a severe impairment--HIV positive status--that precluded him from performing his past relevant work, but that he retained the ability to do the full range of light work. Claimant raises six points of error, including the assertion that at step three, the ALJ improperly rejected the treating physician's diagnoses and opinion that

claimant met certain disability listings. [2] Because we conclude that the ALJ

erroneously discounted the treating physician's diagnoses and opinions and that

all the medical evidence supports a finding of disability at step three, we address

only this claim of error.

The criteria for evaluating an HIV-infected claimant for disability benefits

are set forth in appendix 1 of 20 C.F.R., Chapter III, part 404, subpart P, sections

14.00(D) and 14.08. Using the forms provided by the Social Security

Administration, claimant's treating physician, Dr. Beal, reported that claimant

met the disability listing for sections 14.08(H) and (N). *See* Appellant's App.

Vol. II at 130-31. Under section 14.08(H), a patient meets the listing if there is

laboratory documentation of HIV infection *and* HIV encephalopathy

"characterized by cognitive or motor dysfunction that limits function and

progresses." The medical record shows that claimant had often complained of

intermittent pain and numbness in his upper extremities. *See* Appellant's App.

Vol. II at 140, 167, 172, 175. In June 1994, Dr. Hickman, a clinical

---

[2]     The Commissioner argues that these asserted errors were not recognized by
the district court as constituting sufficient grounds to remand the case, were in
violation of the court's order requiring claimant to make specific claims of error,
and were therefore waived. Our review of claimant's brief to the district court
and the court's order indicates that, although the brief is certainly not a model of
specificity and was deserving of the court's criticism, the district court did
understand claimant's assertion that the ALJ improperly rejected the treating
physician's diagnoses and opinion in regard to the disability listings. Albeit at the
margin, we conclude that claimant (barely) preserved the error for appeal.

psychologist, found that claimant's motor speed in his upper extremities was severely impaired on the left side, that his motor strength was severely impaired bilaterally, and that his fine motor dexterity was moderately impaired bilaterally. *See id.* at 119. Claimant also had a "moderately impaired" cognitive ability to differentiate similar sounding speech. *Id.* Because Dr. Hickman characterized these symptoms as "*minor* cognitive, motor, and sensory changes," *see id.* at 117 (emphasis added), the ALJ disregarded Dr. Beal's conclusion that claimant met listing 14.08(H).

The listing, however, does not require that HIV encephalopathy be severe; it requires only that it limits cognitive or motor function and progresses. We conclude that the ALJ improperly disregarded the medical evidence and the treating physician's opinion and misinterpreted the listing. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (Commissioner "must give substantial weight to the testimony of a claimant's treating physician unless good cause is shown to the contrary").

A claimant meets disability listing 14.08(N) if he/she has repeated manifestations of HIV infection *and* a marked level of either restriction of daily living activities, difficulties in maintaining social functioning, or difficulties in completing tasks in a timely manner. *See* 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1, § 14.08(N). Dr. Beal listed claimant's qualifying manifestations as

-4-

ongoing and persistent schizophrenia and HIV-related motor changes, constant fatigue, recurrent episodes of diarrhea, and a marked level of restriction of daily living activities. *See* Appellant's App. Vol. II at 131. Dr. Beal stated that claimant's "mild" HIV central nervous system involvement, combined with his schizophrenia, severe fatigue, and secondary cognitive motor and sensory changes qualified claimant as having AIDS dementia complex and precluded his employment. *See id.* at 177. The ALJ rejected Dr. Beal's opinion that claimant met listing 14.08(N). He also rejected Dr. Beal's diagnosis of schizophrenia, stating that he could "find no basis for such a condition to exist" because Dr. Beal's treatment notes "never appear to tie complaints of the claimant or findings by Dr. Beal's office to such a condition." *Id.* at 17.

Simple schizophrenia is a psychosis "characterized by withdrawal, apathy, indifference, and impoverishment of human relationships." S TEDMAN 'S MEDICAL DICTIONARY 1390 (25th ed. 1990). To diagnose schizophrenia, a doctor should observe at least two of the following characteristic symptoms during a one-month period: delusions, hallucinations, disorganized speech, grossly disorganized or catatonic behavior, and negative symptoms. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-IV) 273 (4th ed. 1994). The term "delusions" includes distortions or exaggerations of inferential thinking and erroneous beliefs that usually involve a misinterpretation of perceptions or

experiences.  *See id.* at 274-75.  The DSM-IV lists the three basic negative symptoms of schizophrenia as:  affective flattening, alogia (poverty of speech characterized by brief, empty replies), and avolition (the inability to initiate and persist in goal directed activities marked by long periods of sitting and little interest in participating in work or social activities).  *See id.* at 276-77. Anhedonia (loss of interest or pleasure) and dysphoric mood (depression, anxiety, or anger) are also common manifestations of schizophrenia.  *See id.* at 279.

Our review of claimant's records reveals medical observations of serious and chronic psychiatric difficulties including anxiety, depression, difficulties with social and vocational functioning, limited psychological insight, and blunt affect. *See* Appellant's App. Vol. II at 117-18.  Dr. Hickman specifically reported that claimant's scale scores on certain personality tests were consistent with a diagnosis of schizophrenia.  *See id.* at 120.  Claimant also reported major confrontations with his partner over his belief that his partner was trying to control him, *see id.* at 122, and he tried to commit suicide by taking an overdose of medication that he "knew" wouldn't kill him, *see id.* at 58, which may be considered as delusional thinking if the doctor interpreted those beliefs as erroneous or based upon distortions of inferential thinking.  His testimony reflected both anhedonia and avolition during the claimed period of disability.

*See id.* at 54-58. The medical records support Dr. Beal's diagnosis of schizophrenia.

While agreeing that the medical record supported Dr. Beal's findings of ongoing and persistent HIV motor changes, constant fatigue, and frequent diarrhea, the ALJ rejected Dr. Beal's determination that these manifestations resulted in a marked restriction of daily living activities because, in the ALJ's view, none of the manifestations individually were severe enough to have a marked effect. *See id.* at 16-19. Again, the ALJ's conclusion is not supported by substantial evidence. The medical record reflects many reports of *severe* fatigue, although it was intermittent. Dr. Hickman characterized claimant's psychiatric difficulties of depression and anxiety as *"serious"* and *"chronic."* Even if an episode of diarrhea is only "mild," twenty-four occurrences during the course of a year, each episode lasting several days, certainly would restrict an individual's daily activities. According to the regulations, "marked" means

> more than moderate, but less than extreme. A marked limitation does not represent a quantitative measure of the individual's ability to do an activity for a certain percentage of the time. A marked limitation may be present when several activities or functions are impaired or even when only one is impaired. However, an individual need not be totally precluded from performing an activity to have a marked limitation, as long as the degree of limitation is such as to seriously interfere with the ability to function independently, appropriately, and effectively. The term "marked" does not imply that the impaired individual is confined to bed, hospitalized, or in a nursing home.

-7-

20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1, § 14.00(D)(8). The ALJ failed to consider the total impact of claimant's combination of HIV manifestations and did not give good reasons to reject Dr. Beal's opinion that this combination of manifestations seriously interfered with claimant's ability to function independently, appropriately, and effectively. Because the ALJ's determination that claimant did not meet disability listings 14.08(H) and (N) is not supported by substantial evidence and he failed to apply proper legal standards, we reverse his decision.

"When a decision of the [Commissioner] is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). Under the circumstances of this case, we conclude that an award of benefits is appropriate.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the cause is REMANDED with directions to remand, in turn, to the Social Security Administration for an award of benefits.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-8-