**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ZELMA STALION,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 98-7122
(D.C. No. 97-CV-222-S)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Zelma Stalion appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Stalion alleged disability since April 1985 [1] due to pain in her right hip, lower back, ankle, and elbows and lack of grip in her left hand. The administrative law judge (ALJ) determined that Ms. Stalion was not disabled at step four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as she could perform her past relevant work.

On appeal, Ms. Stalion alleges her past work as a provider does not qualify as past relevant work because provider work is generally not performed at the

---

[1] Ms. Stalion met the earnings requirements of the Social Security Act through December 31, 1990. See 20 C.F.R. § 404.130. Therefore, Ms. Stalion must establish her disability prior to that date to qualify for Title II benefits.

substantial gainful level unless the individual works several jobs. Ms. Stalion contends that the ALJ should have made his determination at step five where, due to her advanced age, the regulations provide that she cannot work unless she has transferable skills, which she does not. See 20 C.F.R. § 404.1563(d).

In determining whether a claimant's past work experience qualifies as past relevant work, the ALJ must consider whether the work (1) was performed within the last fifteen years, (2) lasted long enough for the claimant to learn to do it, and (3) was substantial gainful activity. See 20 C.F.R. § 404.1565(a). Earnings in excess of $300 per month for the years before 1990 establish that a claimant has engaged in substantial gainful activity. See id. § 404.1574(b)(2)(vi). Part-time work can be considered substantial gainful activity. See id. § 404.1572(a).

Ms. Stalion agrees that she performed her work as a provider within the last fifteen years and that she held the job long enough to learn it. However, she contends she had to work two jobs in order to meet the minimum earnings necessary to meet the substantial gainful activity prong. The record shows that Ms. Stalion had one job, that of provider. However, she saw two clients during the week. Even if she were correct as to her supposition that two jobs cannot be combined to meet the minimum earnings requirements, Ms. Stalion had one job.

Ms. Stalion further proposes that Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *1, requires that any work be performed eight hours a day, five days a week to be

considered past relevant work. She contends she worked only three hours a day, seven days a week. Soc. Sec. Rul. 96-8p addresses the agency's assessment of whether an individual retains the ability to do work-related activities in a work setting on a sustained basis and does not address the number of hours a claimant must work to meet the substantial gainful activity level. [2] That determination is made by consideration of the amounts earned.

Ms. Stalion states her earnings of $300.00 a month were "presumptively not considered substantial," citing 20 C.F.R. § 404.1574(b)(2). See Br. at 15. Ms. Stalion misreads the regulation.

Ms. Stalion further contends that the agency's own reviewer found that she had not performed her job at the substantial gainful activity level. While this is true, we note that the reviewer was referring to the time period of December 1991 to May 1993, after Ms. Stalion claimed she was disabled. The ALJ considered Ms. Stalion's earnings prior to her alleged date of disability. Her earnings record shows that in 1982, Ms. Stalion made over $500.00 per month, and in 1981 and 1984 she made over $300.00 per month. See App. Vol. II at 139. Thus, Ms. Stalion has satisfied the regulatory standards having performed her job as provider at the level of substantial gainful activity.

---

[2] Even if the ruling applied, the agency specifically states that working eight hours a day, five days a week "is not always required." Id. at n. 2, 7.

We agree that the ALJ correctly determined that Ms. Stalion performed her job as a provider at the level of substantial gainful activity. Further, based on her current activities, she retains the residual functional capacity to perform the duties of that job as she actually performed it. Therefore, we conclude the ALJ correctly determined that Ms. Stalion is not disabled.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge