**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONALD GIBBS,

   Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

   Defendant-Appellee.

No. 98-5141
(D.C. No. 97-CV-464-M)
(N.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Donald Gibbs appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to Title XVI Social Security benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Gibbs alleged disability as of July 1, 1989, due to a nervous disorder and chest and back pain . The administrative law judge (ALJ) determined that Mr. Gibbs was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as he could perform light work.

On appeal, Mr. Gibbs argues that the ALJ failed to properly evaluate his pain and physical impairments and failed to consider the vocational impact of his impairments at step five. He also asserts that the ALJ failed to show he could

perform a significant number of jobs because the hypothetical question did not correctly reflect his impairments of pain and limited mobility.

While Mr. Gibbs alleges disability as of 1989, the record shows that he first saw a physician in 1994 after he injured his back. That injury was diagnosed as a soft tissue injury. He related his pain as ranging from two to four on a scale of ten with ten being the worse. He takes no pain medication. He has had hand tremors since the age of twelve which have been diagnosed as a familial essential tremor. Mr. Gibbs' IQ is 84 which places him in the low average range of mental ability. No physician has placed any restrictions on Mr. Gibbs' ability to work, although he has been restricted to lifting only twenty-five pounds. While he has some deficits in his range of motion, these have been attributed to his obesity. His chest pain was determined to probably be a smooth muscle spasm.

Mr. Gibbs' arguments are without merit. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED for substantially the reasons set forth in its order of June 16, 1998.

Entered for the Court


Deanell Reece Tacha
Circuit Judge

-3-