**Mary Hope CASIAS,
Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN
SERVICES, Defendant–Appellee.**

No. 90–2246.

United States Court of Appeals,
Tenth Circuit.

Submitted on the Briefs.[1]

March 21, 1991.

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

**800**

Gary J. Martone, Albuquerque, N.M., for plaintiff-appellant.

William L. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., Dist. N.M., Albuquerque, N.M., Gayla Fuller, Chief Counsel, Region VI, Karen J. Sharp, Chief, Social Sec. Branch, and Randal S. Finch, Asst. Regional Counsel, Office of the Gen. Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Mary Hope Casias appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny her application for Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423.[2] We affirm.

Casias argues that the court erred in two ways: first, by affirming the Administrative Law Judge's ("ALJ") determination that she was not disabled, absent substantial evidence to support that decision; and second, by failing to remand the case to the Secretary for a consultative psychological examination.

■ We must affirm the decision of the Secretary if it is supported by substantial evidence. *Campbell v. Brown,* 822 F.2d 1518, 1521 (10th Cir.1987) (citing 42 U.S.C. § 405(g)); *Nieto v. Heckler,* 750 F.2d 59, 61 (10th Cir.1984). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). *See Jordan v. Heckler,* 835 F.2d 1314, 1316 (10th Cir.1987). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. *Jozefowicz v. Heckler,* 811 F.2d 1352, 1357 (10th Cir.1987); *Cagle v. Califano,* 638 F.2d 219, 220 (10th Cir.1981). We examine the record as a whole, including whatever

---

**2.** Her application for disability benefits was also denied initially and on reconsideration at the administrative level, as well as after *de novo* consideration by an Administrative Law Judge. Subsequently, her request for a review by the Appeals Council was denied.

in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951); *Dollar v. Bowen,* 821 F.2d 530, 532 (10th Cir.1987). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. *Reyes v. Bowen,* 845 F.2d 242, 244 (10th Cir.1988); *Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir.1984).

■ Pursuant to the Social Security Act, the Secretary has established a five-step sequence for evaluating disability. 20 C.F.R. § 404.1520(b)-(f). If it is determined that a claimant is or is not disabled at any point in the analysis, the review stops. In this case, the ALJ reached step four of the analysis, where he found Casias capable of performing the work she had done in the past and, therefore, not disabled. *See* 20 C.F.R. § 404.1520(e). Casias first asserts on appeal that substantial evidence does not support this determination because the ALJ misread the medical evidence and ignored her testimony concerning the side effects of her medication.

As to the medical evidence, not all of the nine doctors who saw Casias were in complete agreement about either her medical condition or her prognosis. This case thus presents "the not uncommon situation of conflicting medical evidence," a situation in which "[t]he trier of fact has the duty to resolve that conflict." *Richardson v. Perales,* 402 U.S. at 399, 91 S.Ct. at 1426. To bolster her position, Casias cites selectively to the medical opinions and observations of four of the doctors, ignoring the other five. The ALJ, however, considered all of the medical evidence as well as the claimant's own testimony before concluding that Casias retained sufficient residual functional capacity to perform her past relevant work. We find no error here.

■ The ALJ properly deferred judgment on the credibility of Casias's asser-

tions about pain until he evaluated the medical evidence establishing that Casias experienced a severe impairment and that the impairment could reasonably be expected to produce the allegedly disabling pain. *Luna v. Bowen,* 834 F.2d 161, 163 (10th Cir.1987). He then evaluated Casias's credibility and found it lacking for reasons which he articulated in his opinion. We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility. *See Broadbent v. Harris,* 698 F.2d 407, 413 (10th Cir.1983). We do not believe he misread the medical evidence when evaluated as a whole.

Casias correctly points out that the ALJ never addressed her brief testimony about the side effects of the medications she was taking. Even accepting her allegations about the side effects as true, however, the record contains substantial evidence to support the ALJ's decision.

■ Casias next asserts that the district court erred in failing to remand the case to the Secretary for a consultative psychological examination. She maintains that the record contains "substantial evidence ... indicating a probable psychological impairment" and that because the ALJ did not order psychological testing, he "committed error in failing to scrupulously and conscientiously develop a complete record." Appellant's Brief at 10–11. We disagree.

It is well-established that "a Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" *Dixon v. Heckler,* 811 F.2d 506, 510 (10th Cir.1987) (citing *Heckler v. Campbell,* 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952, 1959 n. 1, 76 L.Ed.2d 66 (1983) (Brennan, J., concurring)). In this case, a careful examination of the record reveals that William Chestnut, an orthopedic surgeon who treated Casias, was the only medical professional who recommended an assessment of Casias's mental condition. Based on Casias's "elevated profile" resulting from a computer-analyzed Minnesota Multi-

802

phasic Personality Inventory,[3] Chestnut specifically recommended "evaluation by a psychiatric physician." The ALJ received the psychiatrist's report and properly relied on the findings in reaching his decision. Because Casias has made no argument as to why a psychologist's assessment would be more appropriate than a psychiatrist's or, for that matter, why a psychiatrist's evaluation is inadequate, we can only conclude that the ALJ fulfilled his duty to develop the record and that the district court did not err in refusing to remand the case for a psychological examination.

The decision of the Secretary is accordingly AFFIRMED.

---

**3.** This instrument alone cannot be used for diagnostic purposes. The MMPI cover sheet cautions, "[T]his report is to be used in conjunction with professional evaluation. No decision should be based solely upon the contents of this report."