**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LINDA J. WEBBER,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 97-3194
(D.C. No. 96-CV-1116-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Linda J. Webber appeals the district court's affirmance of the final decision by the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income. Because the decision is supported by substantial evidence, we affirm.

Plaintiff alleges she has been unable to work since December 15, 1992, due to back pain, stomach problems, and asthma. After a hearing, the administrative law judge (ALJ) found that although plaintiff could not perform her former work, she remained capable of performing numerous sedentary jobs which allowed her to alternate sitting and standing. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. The district court affirmed, and this appeal followed.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, plaintiff argues that the ALJ erred in relying on the grids, that his hypothetical questions to the vocational expert did not include all of plaintiff's impairments, and that he improperly evaluated her pain. We note first that the ALJ did not rely on the grids to find plaintiff not disabled--he simply used them as a framework and relied on the vocational expert's testimony regarding plaintiff's ability to perform a significant number of jobs.

The record shows the ALJ's hypothetical to the vocational expert included both plaintiff's asthmatic condition, with a limitation on working around noxious substances, and her stomach problems. See Appellant's App. I at 299-300. His assessment that plaintiff's asthma would have a minimal effect on her ability to work is supported by evidence that she worked for many years despite her condition. He was not required to include a limitation that plaintiff should avoid people with illnesses as no physician has imposed such a limitation.

So too, the ALJ's findings regarding plaintiff's residual functional capacity and her pain are supported by substantial evidence. Although the ALJ found plaintiff "reasonably credible," id. at 17, he found her residual functional capacity less limited than that to which she testified, based on her daily activities, his observation of her abilities, and the medical evidence. Plaintiff testified that she visited friends and family, cooked for her mother, performed housework, did the laundry, went grocery shopping and carried the groceries, drove, fed the pets and

took the smaller dog to the veterinarian. She testified that she really did not know how much she could carry frequently, but guessed she could carry five pounds. She also estimated that she could sit for thirty minutes and stand for fifteen to twenty minutes, although the ALJ observed her sitting for approximately an hour without difficulty. The medical evidence did not demonstrate any restrictions on her ability to sit or stand. The ALJ's conclusion, therefore, that plaintiff could sit from thirty to sixty minutes and could lift five pounds frequently and ten pounds occasionally is supported by the evidence. Further, even accepting as true plaintiff's testimony that she could sit only thirty minutes, the jobs identified by the vocational expert gave her the option of sitting or standing.

The medical evidence also does not show any symptoms associated with prolonged, disabling pain. In December 1992, plaintiff experienced acute lower back pain, with symptoms improving over the next two months. Subsequent examinations have revealed a normal range of motion, negative or almost normal straight leg raising, and no evidence of weakness or significant sensory deficits. Plaintiff does not use any type of assistive device and does not take strong pain medications. She testified that her medications, a combination of muscle relaxants and anti-inflammatory drugs, effectively relieve her pain. Although it is clear that plaintiff's degenerative joint disease causes her some back pain, there is substantial evidence that such pain is not disabling. See Gossett v. Bowen,

862 F.2d 802, 807 (10th Cir. 1988) (holding a claimant's inability to work

pain-free does not require a finding of disability). Therefore, the Commissioner's

decision must be affirmed.

The judgment of the United States District Court for the District of Kansas

is AFFIRMED.


Entered for the Court


Bobby R. Baldock
Circuit Judge