**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICIA A. GROOMS,

            Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

            Defendant-Appellee.

No. 98-6218
(D.C. No. CIV-96-2038-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

        After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Patricia A. Grooms appeals from the district court's order affirming the decision of the Commissioner of Social Security. In that decision, the Commissioner denied claimant's applications for disability benefits under sections 402(d) (adult child's benefits) and 423(a) (disability benefits) of Title II of the Social Security Act. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Claimant alleges disability as of October 12, 1963 (her date of birth) for the disability benefits application, see Appellant's App. at 58, and disability as of October 12, 1980 (her 17th birthday) for the adult child's benefits application, see id. at 62. She contends that she is disabled by virtue of meeting the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1, Listings 12.03 (schizophrenic, paranoid and other psychotic disorders) and 12.06 (anxiety related disorders). See Appellant's App. at xxxvii. In 1994 an administrative law judge (ALJ) determined that claimant met the requirements of those listings and was therefore eligible for supplemental security income benefits as of January 8, 1993. See id. at 26. Claimant then filed the applications at bar, asserting that the conditions that qualified her for disability benefits in 1993 also existed prior to that date. On August 25, 1995, a second ALJ reviewed claimant's medical records, work history, and testimony and determined that claimant was not disabled as of

March 31, 1986 and/or October 12, 1985, which were her last dates for eligibility

under the respective sections.    See id. at 20.

Our review is limited to determining whether the ALJ's decision is

supported by substantial evidence and comports with relevant legal standards.

See Casias v. Secretary of Health & Human Serv.   , 933 F.2d 799, 800-01 (10th

Cir. 1991).

> The Secretary has established a five-step sequential evaluation
> process for determining whether a claimant is disabled.  If a
> determination can be made at any of the steps that a claimant is or is
> not disabled, evaluation under a subsequent step is not necessary.
>
>     Step one determines whether the claimant is presently engaged
> in substantial gainful activity.  If he is, disability benefits are denied.
> If he is not, the decision maker must proceed to step two:
> determining whether the claimant has a medically severe impairment
> or combination of impairments.    This determination is governed by
> the Secretary's severity regulations, 20 C.F.R. §§ 404.1520(c),
> 416.920(c) (1986), is based on medical factors alone, and,
> consequently, does not include consideration of such vocational
> factors as age, education, and work experience.  Pursuant to the
> severity regulations, the claimant must make a threshold showing that
> his medically determinable impairment or combination of
> impairments significantly limits his ability to do basic work
> activities, i.e., "the abilities and aptitudes necessary to do most jobs."
> 20 C.F.R. §§ 404.1521(b), 416.921(b) (1986)    . Presumptively, if the
> medical severity of a claimant's impairments is so slight that the
> impairments could not interfere with or have a serious impact on the
> claimant's ability to do basic work activities, irrespective of
> vocational factors, the impairments do not prevent the claimant from
> engaging in substantial gainful activity.
>
>         . . . .

Step three "determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity," pursuant to 20 C.F.R. §§ 404.1520(d), 416.920(d) (1986). If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step, 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986), where the claimant must show that the "impairment prevents [him] from performing work he has performed in the past." If the claimant is able to perform his previous work, he is not disabled.

Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988) (additional quotations and citations omitted). Claimant argues that the ALJ made three errors: (1) at step three he rejected without good cause Dr. Aurora Cortez-Sy's (claimant's treating physician) diagnoses in 1993-1995 of mental impairment and refused to consider whether her diagnosis was pertinent evidence of claimant's mental impairments in 1985 and 1986; (2) at step four he interposed his own "medical expertise" regarding claimant's residual functioning capacity and his findings in that regard are not supported by substantial evidence; and (3) at step four he failed to apply the correct legal standards in deciding whether claimant had the functional capacity in 1985 to engage in substantial gainful activity.

A review of the ALJ's decision shows that he did consider Dr. Cortez-Sy's diagnosis. He determined, however, that some of Dr. Cortez-Sy's findings were not supported in claimant's medical or historical records, and in fact were contradicted by other medical and psychological reports. See Appellant's App. at 22-25. Dr. Cortez-Sy's opinion that claimant has been disabled because of her

-4-

mental condition since the age of twenty or before arises from her review of a psycho social evaluation for claimant prepared on January 27, 1984.    See id. at 239.  In that report, a "psychological assistant" expressed claimant's "presenting problem" as "social isolation - no friends, no out-of-house activities, little interaction with family."    See id. at 240.  He observed that claimant had "lots of early responsibility in caring for sibs, both after school and at night;" that she had graduated from high school and completed a cashier's training program; and that she had held a series of jobs that were each of short duration.    See id. at 240-41.  He reported that she had left those jobs "due to hassels [sic], those received and those witnessed."  He found claimant to be "[w]ell-oriented, memory vague, thought context somewhat mature and child like, no evidence of delusions or hallucinations."  Id. at 241.

Upon review of the listings, [1] we conclude that the ALJ had good cause to

---

[1]    In order to meet the listing under 12.03, a claimant must have "psychotic features with deterioration from a previous level of functioning" with "medically documented persistence" of at least one of the following:  delusions; hallucinations; catatonic or other grossly disorganized behavior; or incoherence, loosening of associations, illogical thinking, or poverty of content of speech associated with either blunt, flat, or inappropriate affect or emotional withdrawal or isolation.  20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 12.03.  These symptoms must result in  "marked restriction of activities of daily living; or  . . . [m]arked difficulties in maintaining social functioning; or [d]eficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or . . . repeated episodes of deterioration or decompensation in work or work-like settings . . . ."  Alternatively, the claimant may show "[m]edically
(continued...)

reject Dr. Cortez-Sy's opinion rendered in 1995 that claimant also met the

listings for schizophrenic, paranoid, psychotic, or anxiety disorders at age twenty

based on the report prepared in 1984. Claimant did not present any other medical

evidence documenting a severe mental disorder in 1985-86.

The ALJ found that, while

> claimant did have a personality problem which would be classified as
> severe on or prior to the date that she reached age 22 or the date that
> she was last insured for disability insurance benefits on March 31,
> 1986, . . . she was still able to function reasonably well in the
> environment in which she lived . . . including holding a variety of

---

[1](...continued)
documented history of one or more episodes of acute symptoms, signs and
functional limitations" that result in repeated episodes of deterioration or "two or
more years of inability to function outside of a highly supportive living situation."
Id.

In order to meet listing 12.06, the claimant must show "medically
documented findings" of generalized persistent anxiety accompanied by at least
one of the following: three out of four of the following signs or symptoms: motor
tension, autonomic hyperactivity, apprehensive expectation, or vigilance and
scanning; or by "a persistent irrational fear of a specific object, activity, or
situation which results in a compelling desire to avoid the dreaded object,
activity, or situation"; or by recurrent severe panic attacks occurring on the
average of at least once a week; or by recurrent obsessions or compulsions which
are a source of marked distress; or by recurrent and intrusive recollections of a
traumatic experience that are a source of marked distress. 20 C.F.R. Pt. 404,
Subpt. P., App. 1, Listing 12.06. These symptoms must result in at least two of
the following: marked restriction of activities of daily living, marked difficulties
in maintaining social functions, deficiencies of concentration, persistence or pace
resulting in frequent failure to complete tasks in a timely manner, or in repeated
episodes of deterioration that cause withdrawal from the situation or exacerbation
of signs and symptoms; or they must result in "complete inability to function
independently outside the area of one's home."     Id.

jobs which would have to be classified as engaging in substantial gainful activity even though the claimant worked only for short periods.

Appellant's App. at 27-28.

Thus, the ALJ actually made a step-two finding that claimant failed to make a prima facie showing that she had a mental condition in 1985 or 1986 that was so severe that it "significantly limit[ed] h[er] ability to do basic work activities." Williams , 844 F.2d at 751. It is undisputed that claimant worked in a variety of jobs during that time and also babysat for her cousin's child for two years and took care of her grandparents between 1986 and 1992. See Appellant's App. at 155. Because claimant failed to make the threshold showing that her impairments in 1985-86 were severe enough to interfere with her ability to do basic work activities, there was no need for the ALJ to continue to the next steps in the evaluative process. See Williams , 844 F.2d at 751 ("If [at step two] the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits."). There is therefore also no need to address claimant's assertions of error allegedly made by the ALJ during step four of the process. The ALJ's finding that claimant's personality disorder in 1985-86 did not prevent her from being able to perform basic work activities is supported by substantial evidence in the record, and we hold that the ALJ used the proper legal standards in arriving at that

conclusion.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge
