**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL J. LOMBARDO,

　　　　Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

　　　　Defendant-Appellee.

No. 98-5091
(D.C. No. 97-CV-5-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Claimant Michael J. Lombardo appeals from 　the district court's order

affirming the decision of the Commissioner of Social Security. In that decision, the

---

* 　This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited
under the terms and conditions of 10th Cir. R. 36.3.

Commissioner denied claimant's applications for disability insurance benefits and supplemental security income benefits made under Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 423, 1382. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Claimant applied for disability benefits in 1990 based on a back injury and uncontrolled epileptic seizures. See Appellant's App. Vol. II at 487. At a hearing in September 1991, the administrative law judge (ALJ) reviewed the medical evidence, heard testimony, and obtained an opinion from a vocational expert. He concluded that claimant was not disabled after determining that claimant's seizures were "secondary to voluntary alcohol abuse, but otherwise controlled by Dilantin"; that his neck and back pain was "mild to moderate on exertion"; that claimant's subjective complaints of disabling pain were not credible to the extent alleged; that claimant had a residual functional capacity (RFC) to perform sedentary or light work with several limitations; and that there were a significant number of jobs in the national economy that claimant could perform. Id. at 53-54. On appeal, in 1994 the district court reversed and remanded the case for specific inquiry into whether claimant's alcoholism was a result of voluntary or involuntary substance abuse. See id. at 716. The court required the Commissioner to have claimant undergo a psychological and physical examination concerning his alcoholism and

recommended that a vocational expert testify in light of the new evidence submitted by the medical expert. See id. at 716-17.

On remand, in 1995 the ALJ obtained updated medical records and heard the testimony of a consultative psychiatrist and physician who had conducted the examinations required by the remand. See id. at 693. He determined that there was no need for additional vocational expert testimony because "there was no new evidence which changed the claimant's [RFC]." Id. Although the consultative neurological examiner had "suggested that the claimant's physical restrictions are less than the light level," the ALJ declined to adopt that view because the medical finding was based on the "claimant's statements, not on the entirety of the record." Id. at 698. The ALJ then adopted the same pain evaluation and RFC analysis that he had made in 1991 and adopted the 1991 vocational expert testimony. See id. at 698-99. He concluded that claimant was not entitled to benefits because claimant's alcohol abuse prevented control of his seizures by medication, was the "material contributing factor" to his disability arising from uncontrolled seizures, and that his drinking is voluntary and could be controlled. See id. at 703, 707; see also 42 U.S.C. § 423(d)(2)(C) (providing that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism . . . would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.").

-3-

Three issues are presented for review. They are: (1) whether the ALJ improperly rejected the consultative medical opinion regarding claimant's physical limitations; (2) whether the ALJ improperly relied on the "absence of contradiction" to show that claimant retained the capacity to do light work; and (3) whether the ALJ erred in failing to obtain additional vocational testimony. Our review is limited to determining whether the ALJ's decision is supported by substantial evidence on the whole record and comports with relevant legal standards. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800-01 (10th Cir. 1991).

We have carefully reviewed the record, the applicable statutes, and the findings in this case, and for essentially the same reasons expressed by the district court in its order dated March 25, 1998, we find claimant's allegations of error to be without merit. See Appellant's App. Vol. I at 10-12.

The judgment of the United States District Court for the Northern District of Oklahoma is **AFFIRMED**.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-