**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELIZABETH G. DABBS,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL,
COMMISSIONER of SOCIAL
SECURITY; DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

     Defendants-Appellees.

No. 99-2117
(D.C. No. CIV 98-414 BB/DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Elizabeth G. Dabbs appeals from the district court's order affirming the decision of the Commissioner of Social Security. In that decision, the Commissioner denied claimant's applications for disability insurance benefits and supplemental security income benefits made under Titles II and XVI of the Social Security Act. *See* 42 U.S.C. §§ 423, 1382. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Claimant asserts that she has been disabled since December 10, 1992,[1] because of lupus-like syndrome, chronic fatigue, arthritis, myalgia, and memory and cognitive problems. She has a degree in architecture and a juris doctorate. Her past work includes working as an attorney, law clerk, architectural plan reviewer, plumber's helper, and convenience store clerk. After a hearing held in August 1995, the administrative law judge (ALJ) found that claimant has a personality disorder, dizziness, some fatigue and cognitive thinking problems of an unknown etiology, and lower back pain that all caused significant vocationally relevant limitations but that did not meet a listed impairment. *See* Appellant's App., Vol. II at 17-18. He further found that these limitations prevented claimant

---

[1] It is difficult to determine when claimant asserts she became disabled. She has listed the date from which she was no longer able to work as some time in 1991, *see* Appellant's App., Vol. II at 32; June 1, 1992, *see id.* at 35; December 10, 1992, *see id.* at 81; October 1991, *see id.* at 85; and early 1992, *see id.* at 100. After claimant testified at the hearing, the ALJ understood that her asserted disability began on or about June 2, 1992. *See id.* at 16.

from performing her past relevant work. *See id.* at 17. The ALJ found claimant's subjective complaints and her testimony about "their impact on her ability to work [to be] not entirely credible in light of the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the reports of the treating and examining practitioners, the findings made on examination and the medical history." *Id.* at 18. He also based his credibility finding on claimant's appearance and performance at the hearing, on the statements of two psychological examiners who believed that she may tend to overstate her memory recall and other cognitive problems, and on the fact that she had been able to function well as a law student and attorney while suffering with most if not all of her symptoms. *See id.* at 18-19. The ALJ noted that claimant had been able to prepare a letter contesting the medical conclusions of a psychological examiner that demonstrated her clarity of thought and syntax, thus indicating that claimant retained greater cognitive abilities than she alleged. *See id.* at 19.

At step five of the sequential evaluation, *see generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), the ALJ determined that claimant has the residual functional capacity (RFC) to perform light work, reduced by an inability to stand or walk for long periods without intermittent resting or to use foot pedals. *See* Appellant's App., Vol. II at 19. He also concluded that claimant's

ability to do light work was diminished by significant nonexertional limitations that made it impossible for her to engage in complex thought processes on a sustained basis, climb in hazardous places, or be around hazardous machinery. *See id.* He found that claimant's ability to understand, remember, and carry out detailed instructions, to maintain concentration for extended periods, and to perform at a consistent pace without an unreasonable number and length of rest periods were moderately limited. *See id.* at 354.

The ALJ elicited vocational expert testimony as to the jobs claimant could do in the national economy given these limitations. The vocational expert opined that claimant could perform unskilled work as a parking lot attendant and jewelry assembly worker. *See id.* at 354-55. The ALJ concluded that claimant is not disabled within the meaning of the Social Security Act because she is able to make an adjustment to other work that exists in significant numbers in the national economy. *See id.* at 17.

On review of the Commissioner's decision, the district court adopted the magistrate judge's analysis and recommended disposition. Claimant raised four issues: (1) whether the ALJ's finding that claimant's impairments did not meet a listing was supported by substantial evidence; (2) whether the ALJ's RFC determination is based on substantial evidence because the ALJ failed to give the vocational expert hypothetical questions based upon claimant's actual abilities

and limitations; (3) whether the ALJ's credibility findings are supported by substantial evidence; and (4) whether the ALJ erred as a matter of law by failing to accord weight to claimant's receipt of general assistance benefits from the State of New Mexico. The proposed analysis and disposition thoroughly reviewed the medical record and determined that the ALJ's findings and conclusions were supported by substantial evidence. *See* Appellant's App., Vol. I at 50-55. The court also determined that the ALJ did not err in failing to consider the state's disability finding because claimant had not submitted any evidence regarding that finding (except for the fact of receipt of benefits) and because the record is clear that claimant is not disabled within the meaning of the Social Security Act. *See id.* at 56. Our review is limited to determining whether the ALJ's decision is supported by substantial evidence on the whole record and comports with relevant legal standards. *See Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).

We have carefully reviewed the entire record, the parties' arguments, and the relevant law. For substantially the same reasons as set forth in the magistrate judge's analysis and recommended disposition adopted by the district court on February 19, 1999, we conclude that the Commissioner's decision is supported by

substantial evidence on the whole record and comports with the relevant legal standards.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge