**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROGER D. KILLIAN,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant - Appellee.

No. 01-3385
(D.C. No. 99-CV-4044-SAC)
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **PORFILIO** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Roger D. Killian appeals from the order of the district court affirming the Commissioner's denial of his application for social security disability and supplemental security income (SSI) benefits. The district court concluded substantial evidence supported the administrative law judge's (ALJ) finding that Mr. Killian was not disabled within the meaning of the Social Security Act because, despite his limitations, he was still able to perform work within the national economy. We affirm.

## I.

In 1993, Mr. Killian filed his applications alleging disability beginning May 30, 1991, due to an injury to his left shoulder and vision problems in his right eye. The applications were denied initially and on reconsideration. After a hearing in 1995, the ALJ denied benefits, finding Mr. Killian was not disabled because he was able to perform his past relevant work as a quality control tester and lab worker. The Appeals Council denied Mr. Killian's request for review. On appeal, however, the district court remanded Mr. Killian's action to the Commissioner for further proceedings. [1]

---

[1] In its memorandum and order remanding the case, the district court concluded that the ALJ's finding that Mr. Killian had engaged in gainful activity between May 30, 1991, and April 30, 1992, was not based on substantial evidence and that this finding likely had an impact on the ALJ's decisions concerning Mr. Killian's credibility and his ability to return to his past relevant work. Also,

(continued...)

Following a second administrative hearing in 1998, a new ALJ issued his decision denying benefits, which was affirmed by the Appeals Council and the district court. Mr. Killian has appealed, alleging that the ALJ (1) failed to properly evaluate Mr. Killian's credibility and subjective complaints of pain; (2) improperly evaluated the weight given to treating and examining sources; and (3) erred in his Residual Functional Capacity (RFC) determination and adopted hypothetical posed to the vocational expert.

## II.

In the second decision, the ALJ found that Mr. Killian suffered from reflex sympathetic dystrophy of the upper left extremity with mild pronator teres,[2] and that his impairments prevented him from performing his past relevant work as a machine packager, warehouse clerk, production worker, forklift driver, and warehouse supervisor. The ALJ concluded, however, that despite his limitations,

---

[1](...continued)
the district court concluded that many of the reasons the ALJ gave for rejecting Mr. Killian's allegations of subjective pain were either not supported by substantial evidence or not relevant.

[2] Reflex sympathetic dystrophy is defined by "a series of changes caused by the sympathetic nervous system, marked by pallor or rubor, pain, sweating, edema, or osteoporosis, following muscle sprain, bone fracture, or injury to nerves or blood vessels." Dorland's Illustrated Medical Dictionary 560 (29th Ed. 2000). Pronator teres syndrome is defined as "an entrapment neuropathy in which the median nerve . . . is compressed . . . causing pain in the forearm and weakness or sensory deficits in the radial aspect of the hand." Id. at 1765.

Mr. Killian was capable of making an adjustment to work at a number of sedentary and unskilled jobs that exist in the national economy. Thus, the ALJ found Mr. Killian not disabled at step five of the Commissioner's five-step process for determining disability. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). While the burden of proving a prima facie case of disability at step one through four of that process is on the claimant, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given his age, education, and work experience. *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

This court reviews the Commissioner's decision to determine only whether the relevant findings are supported by substantial evidence in light of the entire record, and whether the Commissioner applied the correct legal standards. *Hargis v. Sullivan*, 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the [Commissioner]." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

## III.

In light of these governing legal standards, and after careful review of the record in this case, we conclude that the ALJ's decision is supported by substantial evidence.  As the ALJ found, Mr. Killian's medical records demonstrate limiting but not disabling pain resulting from his shoulder injury in 1991.  Despite Mr. Killian's complaints of unbearable physical pain, the record reveals little, if any objective medical evidence supporting the existence of disabling pain before 1995, and no objective evidence substantiating disabling pain between January 1995 and the date of the ALJ's decision.  Applying the appropriate legal standard for evaluating Mr. Killian's subjective complaints of severe pain, the ALJ found those complaints not credible.  The ALJ considered several factors that were relevant to Mr. Killian's credibility and made detailed findings that were affirmatively linked to substantial evidence.  We will not upset those findings now on appeal.  *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.") (quotation omitted).  Contrary to Mr. Killian's assertion that the ALJ rejected findings and opinions of his treating and examining sources, our review of the record convinces us that the ALJ considered and accurately summarized the medical evidence in Mr. Killian's case, and ultimately adopted the relevant and

acceptable medical source conclusions in the findings. The ALJ used all of the credible evidence of record, including the objective medical evidence, to accurately assess Mr. Killian's RFC and to form the basis of a hypothetical question posed to the vocational expert that properly reflected only those limitations supported by the record. *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Kepler,* 68 F.3d at 392.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge
