**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**AUG 8 2002**

**PATRICK FISHER**
**Clerk**

CLAUD D. WILLIAMS,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, [*]
Commissioner of Social Security
Administration

      Defendant - Appellee.

No. 02-7000
(D.C. No. 01-CV-20-W)
(E.D. Oklahoma)

**ORDER AND JUDGMENT** [**]

Before **SEYMOUR** , **PORFILIO** , and **O'BRIEN** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]      On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of Social Security.  In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the appellee in this action.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Claud Williams appeals a decision of the district court affirming the Commissioner of Social Security's denial of benefits to Mr. Williams. We affirm.

Mr. Williams' insured status expired on June 30, 1991. In 1997, Mr. Williams filed an application for disability benefits, claiming that he was unable to work because of back pain, high blood pressure, diabetes, and heat stroke. His application was denied, and he requested a hearing before an administrative law judge (ALJ). At the July 29,1998 hearing, Mr. Williams and his wife testified about Mr. Williams' condition and limitations on his activities. A vocational expert offered his opinion that, prior to June 30, 1991, Mr. Williams could continue to perform past relevant work including that of a school bus driver, maintenance worker, sorter and packer, or auto detailer. *See Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995) (claimant must show he was disabled prior to expiration of insured status).

The ALJ's decision concluded that Mr. Williams was not disabled during the relevant time period because he was able to continue to perform past relevant work. *See* 20 C.F.R. § 404.1520(e) (claimant seeking disability benefits must show that he cannot perform past relevant work) . The ALJ credited

Mr. Williams' assertion that he experienced pain as a result of his various conditions, but concluded that the medical evidence did not support a claim of disabling pain during the relevant time period. In particular, the ALJ noted that Mr. Williams reported activities during the relevant time period that were inconsistent with disabling pain.

Mr. Williams appealed this decision to the district court, which concluded that substantial evidence supported the ALJ's decision. Mr. Williams, who was represented by counsel at the earlier stages of this matter, now proceeds pro se on appeal to this court. He asserts that the medical evidence in the record supported a finding that he was disabled, and that the ALJ made incorrect findings in light of the medical facts and his wife's testimony.

Our review is limited to (1) whether substantial evidence supports the ALJ's decision and (2) whether the decision comports with the relevant legal standards. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). After careful review of the record in this case, we conclude that the ALJ's decision is supported by substantial evidence in the record. As the ALJ concluded, Mr. Williams' medical records show chronic but not disabling back and neck pain resulting from an automobile accident that occurred many years earlier while Mr. Williams was serving in the armed forces. Further, while the

records also show arthritis, hypertension, and diabetes, these conditions were mild and treatable during the relevant time period.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Stephanie K. Seymour
Circuit Judge