**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN ROGERS,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant-Appellee.

No. 08-4138
(D.C. No. 1:07-CV-00152-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Claimant John Rogers appeals from the district court's affirmance of the

decision of the Commissioner of Social Security (Commissioner) denying his

application for disability benefits. Because the Commissioner applied the correct

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

legal standards and because his decision is supported by substantial evidence, we affirm.

Claimant applied for social security disability benefits in December 2004 alleging an inability to work due to a work-related back injury. After being denied benefits at the initial levels of agency adjudication, claimant was granted a hearing before an Administrative Law Judge (ALJ) who found claimant not disabled. After considering claimant's new evidence of his reaching and fingering limitations, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). The district court affirmed.

Claimant appeals, contending that the Commissioner erred in failing to include reaching and/or fingering limitations in determining his residual functional capacity (RFC), and further arguing that the ALJ erred in failing to resolve a conflict between the testimony of the vocational expert (VE) and the Dictionary of Occupational Titles regarding the exertional requirements of the step-five jobs identified by the VE. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

"In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency. Instead, we review the ALJ's decision only to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were

applied." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (citations and quotations omitted).

Claimant's medical history includes an MRI indicating that claimant suffered a herniated disc at L5-S1 that impinged on the nerve root. Aplt. App. 235. An EMG test confirmed that claimant has lumbar radiculopathy related to this nerve impingement. *Id.* at 228. Claimant demonstrated positive straight leg raising, loss of range of motion, loss of strength, and reduced reflexes. *Id.* at 238. Claimant's condition results in low back and left leg pain.

Applying the first three steps of the familiar five-step sequential evaluation paradigm, *see Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007), the ALJ found that claimant had not engaged in substantial gainful activity since December 30, 2002; that his degenerative disc disease of the lumbar spine constituted a severe impairment; but that he did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. None of these conclusions are at issue on appeal.

At step four, a claimant is required "to show that the impairment or combination of impairments prevents him from performing his past work." *Id.* (quotation omitted). In determining whether a claimant has made this showing,

the ALJ must work through the three phases of step four. *Bowman,* 511 F.3d at 1272. Thus,

> the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

*Id.* (quotation omitted).

> At step four, the ALJ concluded that claimant had the RFC
>
> to perform the full range of light and sedentary work, except that such work could not require:
>
> > lifting more than 10 pounds at a time with no twisting or bending over to lift;
> >
> > lifting and carrying lighter articles weighing more than 3-5 pounds, on an occasional basis;
> >
> > standing or walking more than 6-7 hours in an 8-hour workday;
> >
> > sitting more than 6-7 hours in an 8-hour workday;
> >
> > sitting, standing or walking more than 5-10-15 minutes at a time (the sit/stand option);
> >
> > stooping, bending, forward bending, twisting of the back, or squatting of any significance;
> >
> > work on the floor (no kneeling, crawling, crouching, etc.); and,
> >
> > stair climbing (a few steps not precluded – no flights of stairs).

Aplt. App. at 31. The ALJ then concluded that claimant could not perform his past relevant work as a heavy equipment operator, boilermaker, or millwright as those jobs were "too exertional." *Id.* at 40.

Because claimant met his burden at step four to show that he could no longer perform his past work, the burden shifted "to the Commissioner at step five to show that the claimant retains sufficient RFC [residual functional capacity] to perform work in the national economy, given [his] age, education, and work experience." *Lax*, 489 F.3d at 1084 (quotation omitted). In making this determination, an ALJ can rely on VE testimony "if the issue in determining whether the claimant is disabled is whether the claimant's work skills can be used in other work and the specific occupations in which they can be used." *Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir. 1999) (quotation and brackets omitted).

Here, the ALJ asked the VE whether jobs existed in the national economy for claimant given his RFC. The VE testified that claimant could perform the light, unskilled jobs of toll collector, house sitter, and agricultural sorter, and the medium, unskilled job of hand packager, about which more will be said later. Aplt. App. at 327-30. Because there were jobs existing in significant numbers in the national economy that claimant could perform, the ALJ found him to be "not disabled." *Id.* at 41.

Claimant appealed the ALJ's decision to the Appeals Council and submitted a functional capacity evaluation (FCE) that was completed after the

ALJ hearing and showed claimant having reaching and/or fingering impairments. The Appeals Council considered the FCE, expressly made it part of the record, but concluded it did not justify reversing the ALJ's decision because the therapist who administered it found claimant "only partially credible with regard to [his] effort." *Id.* at 15.[1]

Claimant first argues that the Commissioner erred in not including the limitations in reaching and/or fingering found in the FCE in his final RFC determination. We disagree. First, the FCE is the sole record evidence of impairments in reaching or fingering. Second, the therapist who administered the FCE concluded that, overall, claimant gave only a partially credible effort, Aplt. App. at 289, which is consistent with the many unchallenged adverse credibility findings made by the ALJ as part of her disability determination. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) (holding that we owe considerable deference to the ALJ's credibility findings). Those unchallenged credibility findings, coupled with the professional opinion of the therapist who administered the FCE that claimant was not putting forth maximum

---

[1]     Because the Appeals Council considered the FCE, it "bec[ame] part of the administrative record to be considered [by this court] when evaluating the Secretary's decision for substantial evidence." *O'Dell*, 44 F.3d at 859. Further, because the Commissioner's decision is not final until after action by the Appeals Council, his final decision here "necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *O'Dell*, 44 F.3d at 859. We therefore consider the entire record, including the FCE, in conducting our review for substantial evidence on the issues presented.

effort, constitutes substantial evidence supporting the Commissioner's refusal to include reaching and/or fingering limitations in claimant's RFC.

Turning to claimant's argument that the ALJ failed to reconcile the VE's testimony with the Dictionary of Occupational Titles (DOT) as required by *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999), we hold that, while a close question, there was no error. As mentioned above, the ALJ determined that claimant had the RFC to perform a full range of light and sedentary work but that such work could not require "lifting more than 10 pounds at a time" or "lifting and carrying lighter articles weighing more than 3-5 pounds on an occasional basis." Aplt. App. at 31.[2] This exertional limitation restricts claimant to sedentary work. *See* 20 C.F.R. § 404.1567(a). Three of the four jobs identified by the VE as available to claimant in the national economy, however, are light jobs which involve "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* If that had been the extent of the VE's testimony, *Haddock* and Social Security Ruling 00-4p, 2000 WL 1898704, would have required the ALJ to inquire into the conflict between the VE's evidence and the DOT as it pertained to exertional requirements and obtain a reasonable explanation for the conflict. Here, however, the VE also testified that claimant could perform the job of hand packager, and that 11,000 such jobs

---

[2] While it seems incongruous to us that claimant could routinely lift ten pounds but only occasionally lift and carry three to five pounds, claimant does not advance any argument based on this seeming discrepancy.

-7-

existed at the sedentary level. Aplt. App. at 328. Normally, the job of hand

packager requires medium exertion. DOT, 920.587-018, 1991 WL 687916. The

VE testified, however, that in his "placement experience" and also in "a document

that I have" that 11,000 sedentary hand packager jobs existed. Aplt. App. at 328.[3]

Initially, we note that the VE's oblique reference to an unidentified

document as the basis upon which to explain the apparent conflict is not sufficient

to serve as a reasonable explanation for his testimony. There is no indication that

the document referred to is among those listed in 20 C.F.R. § 404.1566(d) and

considered to provide reliable job information, or is in some other way

sufficiently reliable to constitute substantial evidence. *See Haddock*, 196 F.3d at

1089 (noting that job information can come from the DOT, government sources,

or other reliable publications); *see also* SSR 00-4p, 2000 WL 1898704 at *2

("Information about a particular job's requirements or about occupations not

listed in the DOT may be available in other reliable publications, information

obtained directly from employers, or from a VE's . . . experience in job placement

or career counseling.").

Again, if the unidentified document were the only basis upon which the VE

explained the conflict, we would be required to remand for more explanation.

Here, however, the VE also testified that in his professional placement

---

[3]     Claimant does not take issue with the VE's estimate of the number of these jobs available.

experience, the job of hand packager can be done at the sedentary level, particularly noting that such jobs involve packaging "things such as bank checks and hand lotion and fishing lures and that sort of thing." Aplt. App. at 328. Providing this type of professional, experience-based evidence is precisely what reliance on evidence from a VE is meant to accomplish. The whole point of vocational testimony is to go beyond facts already established through publications eligible for judicial or administrative notice and provide an alternative avenue of proof. *Gay v. Sullivan*, 986 F.2d 1336, 1340 (10th Cir. 1993); *see also* 20 C.F.R. § 404.1566(e) (contemplating the use of vocational experts in determining complex issues concerning the characteristics of specific occupations); SSR 00-4p at *2 (noting that information about job requirements not listed in the DOT may come from a VE's experience in job placement or career counseling). Because the VE testified that, on the basis of his professional experience, 11,000 sedentary hand packager jobs existed in the national economy, the apparent conflict between the DOT and the VE's testimony regarding the job's exertional requirement was reasonably explained, and the ALJ could rely on that testimony as substantial evidence to support her determination of nondisability.

The judgment of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge