**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JULIA WHITETREE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-5166
(D.C. No. 98-CV-461-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Julia Whitetree appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Whitetree alleged disability as of January 21, 1994, due to myofascitis, injuries to her shoulder and arms, and depression . The administrative law judge (ALJ) determined that Ms. Whitetree was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as she could perform light work that did not require repetitive overhead reaching.

On appeal, Ms. Whitetree argues that the ALJ's determination of her residual functional ability is not supported by substantial evidence because the

ALJ stated she was restricted from only repetitive overhead reaching, while she maintains she cannot do repetitive reaching of any sort. She asserts that all of the jobs identified by the vocational expert (VE) as ones she could perform require repetitive reaching.

The record shows that one physician observed intrinsic shoulder pathology on the X-rays of her left arm. Later, her treating physician saw no objective abnormality which would lead him to a diagnosis. He released her to "moderate" work noting that she could not return to her normal job which involved heavy duty repetitive activities which aggravated her condition. Two examining physicians determined that Ms. Whitetree had some impairments due to shoulder problems. One examining psychologist noted that she had repetitive motion impairments. A different examining psychologist stated that she may have over-reported her symptoms and she was likely to brood on her problems which would result in greater symptomatology. No physician has restricted her from all repetitive reaching.

The VE opined that Ms. Whitetree could perform the jobs of sedentary order clerk, sedentary cashier, light food service work, or light stock and inventory clerk. These jobs are listed in the light and sedentary categories. Ms. Whitetree's treating physician specifically restricted her from repetitive

reaching as performed in her prior job which involved heavy duty activities. He released her to light work.

Substantial evidence supports the determination that Ms. Whitetree can perform light or sedentary work that does not require repetitive reaching. The ALJ's misstatement that Ms. Whitetree is restricted from repetitive overhead reaching rather than from all repetitive reaching was harmless. The VE clearly understood that the hypothetical was changed to include no repetitive reaching as she pointed out the error to the ALJ prior to discussing which jobs Ms. Whitetree could perform. The ALJ's correction of the hypothetical was in response to the VE's observation.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge