**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERMA L. COOK,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant - Appellee.

No. 02-7108
(D.C. No. 01-CV-602-P)
(E.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Erma L. Cook appeals from an order of the district court affirming the Commissioner's determination, at step four of the five-part sequential process for determining disability, that she is not entitled to social security benefits. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five-step sequential process). After reviewing the Commissioner's decision to determine "whether the factual findings are supported by substantial evidence and whether correct legal standards were applied," we affirm. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

Claimant applied for supplemental security income payments and disability insurance benefits in February 1997. She had an acute cerebrovascular accident, or stroke, with right side involvement on January 12, 1997. Additionally, she has blood-pressure problems, non-insulin dependent diabetes, and high cholesterol. After an administrative hearing at which a vocational expert (VE) testified, an administrative law judge (ALJ) ruled against claimant. The ALJ found that claimant was severely impaired by the latent effects of cerebrovascular disease and hypertension but that the severity of her impairments did not meet a listing requirement. Further, the ALJ determined that claimant was not disabled because she retained the residual functional capacity (RFC) to perform a wide range of light work and could, therefore, return to her past relevant work as a case

manager, sheltered workshop coordinator, bakery sales clerk/cashier, store clerk, or store manager.

On appeal, claimant first challenges the ALJ's determination, at step three of the sequential analysis, that she did not meet a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App. 1. Specifically, she contends that substantial evidence shows that she actually met the requirements of listing 11.04, applicable to a central nervous system vascular accident impairment. The relevant listing requires the existence of "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station" for "more than 3 months post-vascular accident." The cross-referenced § 11.00(C) states that the assessment of such an impairment "depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms."

The records of claimant's treating physician show that on January 12, 1997, claimant was hospitalized for an acute cerebrovascular accident resulting in right-sided muscular weakness. On April 14, 1997, claimant walked with a pronounced limp, using a cane but not an orthotic brace. She also had some trouble using her right hand. The physician opined that, in spite of her weakness and coordination problems, claimant should be able to perform occupations that did not require long periods of standing or walking. A consultative physician

conducted an examination on May 31, 1997, and found that claimant was neurologically intact, with no sensory deficits in her extremities. A third physician examined claimant on October 1, 1998. This physician determined that claimant was fifty percent disabled due to a right-leg limp, decreased right-hand grip strength, and decreased range of motion of the neck, but believed that she could be trained for work that did not include manual labor. Based on the physicians' reports and the ALJ's decision to discount claimant's testimony to the extent it conflicted with the medical record, we conclude that substantial evidence supports the ALJ's determination that claimant's post-stroke impairment was not of such a degree as to meet listing 11.04.

Claimant next contends that the ALJ failed to make the required analysis at step four of the five-step analysis. She essentially argues that her alleged impairments were more serious or severe than determined by the ALJ. The record provides medical documentation, claimant's statements concerning her physical condition and the demands of her past relevant work, and testimony from a VE. We may not reweigh the evidence or substitute our judgment for that of the agency. *Casias v. Sec'y of Health & Human Servs* ., 933 F.2d 799, 800 (10th Cir. 1991). It is clear from our reading of this record that the ALJ performed the proper analysis under step four, and that his findings are supported by substantial

evidence. Thus, the ALJ properly found that claimant could perform a wide range of light work and could therefore return to her past relevant work.

AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge