**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GARY ALLEN KEMPER,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 04-1017
(D.C. No. 03-F-58 (PAC))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gary Allen Kemper, appearing pro se, appeals from an order of the district court affirming the Social Security Administration's decision denying his application for disability insurance benefits. We exercise jurisdiction and affirm.

Plaintiff claims that he has been unable to work since June 13, 1997 due to chronic neck and back pain arising from a work-related injury. His medical records indicate that he has been evaluated or treated by medical providers specializing in neurology, neurosurgery, osteopathic spinal surgery, orthopedics, chiropractic, emergency-room medicine, and physical therapy. He has undergone x-ray testing and MRI scans. Over time, plaintiff has taken anti-inflammatories and acetaminophen for his back pain. Plaintiff's treating and consulting physicians are in agreement that plaintiff has normal strength, sensation and reflexes, and that only conservative treatment is warranted. There is no indication in the medical record that plaintiff is unable to work.

After plaintiff's application for disability benefits was denied initially and on reconsideration, an administrative law judge (ALJ) held a de novo hearing. At the hearing, plaintiff stated that he was not currently taking any medications or receiving medical treatment. He testified, however, that his activities were limited by severe pain and that his physicians had misdiagnosed his condition. Based on his own research, plaintiff believed that his symptoms were caused by a

tumor.[1]   A vocational expert also provided testimony concerning the exertional requirements of plaintiff's past relevant work and other jobs.

Subsequently, the ALJ denied plaintiff's application, concluding that, although plaintiff's pain amounted to a severe impairment, he retained the residual functional capacity to perform light work, with certain postural restrictions, and that his past relevant work as a tow-truck dispatcher fits this description.  The Appeals Council and the district court upheld the ALJ's determination.  Plaintiff now appeals the district court's order.  In our review, we determine only whether the correct legal standards were applied and whether the ALJ's factual findings are supported by substantial evidence in the record.        *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

Plaintiff's pro se appellate brief and other filings seem to assert that he is entitled to benefits because the ALJ did not assess the evidence properly.   In effect, plaintiff asks us to "reweigh the evidence" and "substitute our judgment for that of the agency," which this court cannot do.        *Casias v. Sec'y of Health & Human Servs*., 933 F.2d 799, 800 (10th Cir. 1991).   Our review of the ALJ's decision, in light of the complete medical record and applicable law, convinces us

---

[1]    As a supplemental authority in the district court, plaintiff submitted a case report, apparently published in a medical journal, concerning thoracic cord compression from chondroma (a tumor of cartilage cells).  Evidently, plaintiff has determined that he suffers from a rare occurrence of this condition and that his tumor "may have been interrupted."  R., vol. 2 at 229.

that the ALJ applied the correct standards and that substantial evidence supports his determination.

The judgment of the district court is AFFIRMED. Plaintiff's motion to proceed in forma pauperis is granted; all other pending motions are denied.


Entered for the Court


John C. Porfilio
Circuit Judge