**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY ALLEN KEMPER,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

No. 05-1459
(D.C. No. 03-CV-58-PSF-PAC)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

In this case, pro se plaintiff Gary Allen Kemper mounts his second

challenge to the denial of his application for disability-insurance benefits.

He is appealing an order of the district court denying his motion for relief from

judgment. We exercise jurisdiction and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

The Commissioner denied Mr. Kemper's application for disability benefits on August 27, 2002. The district court upheld the Commissioner's ruling on January 9, 2004, and this court affirmed, *Kemper v. Barnhart*, 118 F.App'x 360, 362 (10th Cir. 2004), *cert. denied*, 544 U.S. 1041 (2005). On August 5, 2005, after the Supreme Court denied his petition for a writ of certiorari, Mr. Kemper filed a motion for a new trial in the district court.

The district court treated the filing as a motion to alter or amend judgment under Rule 60(b) and denied it, finding "no justification for granting the motion, including no showing of any newly discovered evidence that would form the basis for such reconsideration." Aplee. Supp. App. at 12 (Order, Aug. 22, 2005). The district court encouraged Mr. Kemper to reapply for benefits if he believed that updated information would prove his disability status. Mr. Kemper now appeals the district court's ruling.

"Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks omitted). This court reviews a denial of a Rule 60(b) motion for abuse of discretion, reversing only if we find "a complete absence of a reasonable basis" and if we are "certain that the decision is wrong." *Id.* (internal quotation marks and ellipses omitted).

As applicable to this case, the rule allows the district court to relieve a party from a final judgment on a showing of "newly discovered evidence which

by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(2), (6). A motion based on newly discovered evidence must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

In his motion Mr. Kemper argued that he wished to present newly discovered evidence relevant to his social security claim. He filed the motion, however, more than a year after entry of judgment. Further, the evidence Mr. Kemper proffered had apparently been available for several years, so that it cannot be considered newly discovered. And our review of the record reveals no other reasonable basis for granting a relief from judgment.

Because we discern no abuse of discretion in the district court's order denying postjudgment relief, we AFFIRM. Mr. Kemper's motion to proceed in forma pauperis and his request for appointment of counsel are denied.

Entered for the Court


Harris L Hartz
Circuit Judge