**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN E. MARTIN,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant-Appellee.

No. 06-1492
(D.C. No. 05-cv-01146-EWN)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

John E. Martin appeals from an order of the district court affirming the Social Security Commissioner's denial of his application for disability benefits under Title II of the Social Security Act. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff was born on April 25, 1953. He completed the eleventh grade and has prior work experience as a truck driver, small engine repairer, bus driver, forklift operator, and materials handler. As explained by the district court, "Plaintiff alleges an inability to work beginning April 22, 2002, due to: gran mal seizure disorder, Graves' Disease, headaches, fatigue, abdominal pain, atrial fibrillation, chest problems, neurological complaints, osteoarthritis, vertigo, and a smoke allergy." Aplt. App. at 590.

In its order and memorandum of decision, the district court thoroughly and accurately summarized the medical evidence in the administrative record pertaining to each of plaintiff's alleged impairments, *id.* at 590-99, and we will not repeat that summary here. The district court was equally diligent in summarizing: (1) the relevant functional capacity assessments that are contained in the administrative record, *id.* at 600-01; (2) plaintiff's disability application, *id.* at 601; (3) the procedural and administrative history of this case, including the hearing that was held before the administrative law judge (ALJ) on April 15, 2004, *id.* at 601-05; and (4) the decision issued by the ALJ on May 23, 2004, denying plaintiff's application for disability benefits at step five of the five-step sequential evaluation process for determining whether a social security claimant is disabled, *id.* at 605-07. In addition, after noting that plaintiff alleged the ALJ committed six reversible errors, the district court analyzed each of the alleged errors in detail, systematically rejecting them one by one, *id.* at 610-30.

In this appeal, plaintiff has presented four issues for review. *See* Aplt. Opening Br. at 2 ("The ALJ Violated the Medical Opinion Rules"; "The ALJ Failed to Properly Consider [Plaintiff's Residual Functional Capacity]"; "The ALJ Failed to Satisfy His Burden . . . at Step-Five"; and "Remand is Appropriate"). Having thoroughly reviewed the administrative record, including plaintiff's extensive medical records, the district court pleadings and orders, the parties' briefs on appeal, and the relevant legal authorities, we side with the Commissioner on each of these issues, as we see no reversible error in the ALJ's analysis. *See Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) ("We review the [ALJ's] decision [only] to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."); *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991) ("In evaluating [a social security] appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency.").

Specifically, we conclude that: (1) the ALJ properly evaluated the opinions of Dr. Wyatt and Dr. Adams, two of plaintiff's treating physicians, and the evaluations are supported by substantial evidence; (2) the ALJ did not fail to take into account all of plaintiff's impairments, and any related limitations, when assessing plaintiff's residual functional capacity; (3) the ALJ posed a proper hypothetical question to the vocational expert and performed a proper step-five analysis; and (4) the additional evidence that plaintiff submitted to the district

-3-

court did not necessitate a remand because, as found by the district court, "Plaintiff has failed to show that the new evidence 'relate[s] to the time period for which the benefits were denied.'" Aplt. App. at 630 (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1493 (10th Cir. 1991)). Accordingly, we commend both the ALJ and the district court for their excellent work in this case, and we affirm the denial of plaintiff's application for disability benefits for substantially the same reasons set forth by the ALJ and the district court.

The judgment of the district court is AFFIRMED. We GRANT plaintiff's motion to proceed on appeal in forma pauperis.

Entered for the Court

Wade Brorby
Senior Circuit Judge