**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JANNETT EHIMIKA,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[*]

Defendant-Appellee.

No. 12-5098
(D.C. No. 4:11-CV-00041-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Jannett Ehimika appeals the denial of her applications for disability insurance and supplemental security income benefits under the Social Security Act. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

After conducting two separate hearings, the administrative law judge (ALJ) found that Ms. Ehimika suffers from severe physical impairments in the form of "degenerative disc disease cervical spine, chronic strain right shoulder, and obesity." Aplt. App., Vol. 2 at 12. The ALJ also noted that Ms. Ehimika has been diagnosed as suffering from an "adjustment disorder with depressed mood." *Id.* The ALJ found, however, at step four of the sequential evaluation process for evaluating disability applications, that Ms. Ehimika was not disabled because she retained the residual functional capacity to perform her past relevant work as a clerical assistant/data entry clerk.

The Appeals Council denied Ms. Ehimika's request for review of the ALJ's decision. She then filed a complaint in the district court. Acting through a magistrate judge sitting by consent of the parties, the district court affirmed the ALJ's denial of benefits, and this appeal followed.

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we

review the ALJ's decision only "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal*, 331 F.3d at 760. Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted).

Ms. Ehimika challenges the ALJ's denial of her applications for social security benefits, claiming that the ALJ committed reversible error in his step-four analysis, in his evaluation of the medical-source evidence, and in his adverse credibility determination. We reject Ms. Ehimika's arguments and find that the ALJ's denial of her applications is supported by substantial evidence and a proper application of the controlling legal standards.

Specifically, we conclude that: (1) Ms. Ehimika's earning records show that she performed her past job as a clerical assistant/data entry clerk long enough to meet the duration requirement for past relevant work at step four of the sequential evaluation process,[1] *see* Aplt. App., Vol. 2 at 151-52, 167, 169, 177 (showing that

---

[1]     Like the magistrate judge, we reject Ms. Ehimika's claim that the Commissioner's reliance on her earnings records "is an impermissible *post hoc*

(continued)

Ms. Ehimika earned $4,096.63 in 1998 working part of the year full time as a clerical assistant/data entry clerk for $8.00 an hour); (2) the ALJ's step-four findings regarding Ms. Ehimika's residual functional capacity (RFC) are supported by substantial evidence and consistent with the medical evidence because the ALJ took her documented mental limitations into account and also included a physical limitation for "frequent but not continuous handling, fingering, and reaching with right upper extremity," *id.*, Vol. 2 at 15 (emphasis omitted); (3) the ALJ properly relied on assistance from a vocational expert to make the required step-four findings regarding Ms. Ehimika's RFC, the physical and mental demands of her past relevant work as generally performed, and her ability to perform her past relevant work based on her age, education, work experience, and RFC, *id.*, Vol. 2 at 15-16, 19-20, 25-26, 29-31; (4) the ALJ did not err in failing to discuss Ms. Ehimika's treating physician's recommendation that she apply for disability benefits because that recommendation is not a medical opinion under the controlling regulations, *see* 20 C.F.R.

---

justification of the ALJ's decision." Aplt. App., Vol. 1 at 52. Instead, as the magistrate judge explained, "[t]he Commissioner merely met Plaintiff's allegations by demonstrating the lack of factual underpinning for Plaintiff's argument." *Id.* We also note that Ms. Ehimika has conceded that her earnings records show that she worked at her prior job as a clerical assistant/data entry clerk for 2.96 months. *See* Aplt. Reply Br. at 4. Although Ms. Ehimika's prior job has a Specific Vocational Preparation (SVP) level of 4 and therefore takes "[o]ver 3 months up to and including 6 months" to learn, U.S. Dep't of Labor, *Dictionary of Occupational Titles*, Vol. II, App. C, Sec. II at 1009 (4th ed. rev. 1991), we conclude that the difference between 2.96 months and "[o]ver 3 months" is not significant enough to undercut the ALJ's otherwise supportable step four findings.

§ 404.1527(a)(2) ("Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."); and (5) the ALJ's adverse credibility determination is supported by specific findings regarding Ms. Ehimika's daily living activities, in particular her ability to climb stairs and provide daily care for her toddler twin sons.

We also note that, while documenting severe impairments related to her neck, shoulder, and hand problems, as well as diabetes and obesity, Ms. Ehimika's sparse medical records simply do not show that she has medically determinable physical and/or mental impairments that prevent her from performing her past relevant work. Given such a record, we find ourselves unconvinced by the mostly formalistic arguments that she advances on appeal.

The judgment of the district court is affirmed.

Entered for the Court

John C. Porfilio
Senior Circuit Judge